The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE GARCIA DIAZ, *et al.*,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

NO. 2:26-cv-4013-BJR

**ORDER GRANTING MOTION TO COMPEL APPRAISAL**

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Compel Defendant Safeco Insurance Company of America ("Safeco") to conduct a complete appraisal of damage to Plaintiffs' property's roof. Mot. to Compel, ECF No. 6. Having reviewed the materials[1] and the relevant legal authorities, the Court will GRANT motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

On October 19, 2025, Plaintiffs Jose Garcia Diaz and Wendy Magana's (collectively, "Garcia Diaz" or "Plaintiffs") home in Snohomish, Washington was "damaged by a

[1] Including Garcia Diaz's motion to compel appraisal, ECF No. 6; Safeco's response in opposition, ECF No. 11; and Garcia Diaz's reply, ECF No. 14; together with attached exhibits.

rain/windstorm," which caused interior water damage. Compl. ¶¶ 4, 7, 19, ECF No. 1-5. At the time, Garcia Diaz held a homeowner's insurance policy from Safeco. *Id.* ¶¶ 4–7; *see also* Pls.' Ex. A, Insurance Policy, ECF No. 1-2 at 17–75. Plaintiffs notified Safeco and opened a claim on November 22, 2025. Compl. ¶ 8. Safeco inspected the damage and partially denied overage on December 12, 2025, concluding that only part of the damage was attributable to wind damage and thus covered by the Policy. *Id.* ¶ 10, 12. Safeco issued an actual-cash-value payment of $12,107.47 to Plaintiffs. *Id.* ¶ 10. Plaintiffs provided additional information and Safeco re-inspected the property, which resulted in Safeco modestly increasing its estimate for repairing the damage covered. *Id.* ¶ 11. Safeco continues to deny coverage to replace the roof, maintaining that the roof conditions were attributable not to wind damage but rather to "wear and tear, mechanical damage, and general deterioration." *Id.* ¶ 12; *see also* Safeco Ex. E, ECF No. 13 at 215–17. Plaintiff hired an inspector who concluded that a full roof replacement was warranted due to wind damage and provided an estimate of $71,438. Compl. ¶ 13.

Plaintiffs filed the instant action in Snohomish County Superior Court on September 16, 2026. On October 20, 2026, Safeco removed to this Court on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1. The next day, Plaintiffs filed the instant motion to compel appraisal, as well as a joint motion to stay the proceedings, ECF No. 5. This Court denied the joint motion to stay but deferred entry of a case schedule pending its ruling on the motion to compel, ECF No. 6.

## III. DISCUSSION

Under Washington law, appraisal provisions are "universally held to be valid and enforceable[.]" *Fin. Pac. Leasing Inc. v. RVI Am. Ins. Co.*, No. 2:21-cv-756-LK, 2023 WL 4321855, at *15 (W.D. Wash. July 3, 2023) (citing *Keesling v. W. Fire Ins. Co. of Fort Scott, Kansas*, 10 Wn.

App. 841, 845 (1974)). "Washington courts ... have stated that appraisal provisions are 'justified in the expectation that [they] will provide a plain, inexpensive, and speedy determination of the extent of the loss.' " *MKB Constructors v. Am. Zurich Ins. Co.*, No. 13-cv-611-JLR, 2014 WL 2533286, at *3 (W.D. Wash. June 5, 2014) (quoting *Keesling*, 10 Wn. App. at 845).

**A. Appraisal is Warranted.**

Plaintiffs demanded an appraisal pursuant to the terms of their insurance policy. The parties presently agree to move forward with an appraisal but disagree about its scope. *See* ECF No. 6-1. Specifically, Safeco resists appraisal of the cost of damage to the entire roof. Mot. to Compel at 3. The Policy, in relevant part, provides that:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:
>
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

Pls.' Ex. A at 56. In opposition, Safeco argues that an appraisal is appropriate only when the parties agree about the scope of the loss covered by the Policy. Opp'n at 1–2. While Safeco presents its proposition as "well-established" under Washington law, Plaintiffs correctly note that Safeco has not demonstrated so. *Id.* at 1; Reply at 2, ECF No. 14. Instead, Safeco cites a Georgia Court of Appeals decision for the proposition that a disagreement about the scope of damage is

inappropriate for appraisal because it is a coverage dispute rather than a disagreement about the valuation of the amount of loss. *See* Opp'n at 6 (quoting *Lam v. Allstate Indem. Co.*, 755 S.E.2d 544, 546 (Ga. Ct. App. 2014). The Court is not persuaded by this out-of-circuit decision, especially considering the Washington authority invoked by Plaintiffs. Reply at 2–3.

This Court finds that the Policy's appraisal provision does not require the determination of scope of loss prior to the appraisal process. Courts in this District have similarly recognized that "neither the plain language of the appraisal provision in [the] insurance policy nor Washington law imposes such a prerequisite." *Bosh v. USAA Gen. Indem. Co.*, No. 3:24-cv-6016-TMC, 2025 WL 1331479, at *3 (W.D. Wash. May 7, 2025); *see also Yoo v. Homesite Ins. Co.*, No. 25-cv-1752-JLR, 2026 WL 3121381 (W.D. Wash. Oct. 19, 2026). Here, the parties dispute both coverage and the amount of loss, so appraisal of the entire alleged loss is warranted for the purposes of judicial economy. *See Carpenter v. Am. Fam. Mut. Ins. Co., S.I.*, No. 3:22-cv-5171-DGE, 2023 WL 12260850, at *3 (W.D. Wash. July 18, 2023).

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion to Compel Appraisal is GRANTED.
2. The Parties shall notify the Court when the appraisals are completed.

DATED this 24th day of November 2026.

Barbara Jacobs Rothstein
United States District Judge